## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

<table>
<tr><td>

DANIEL LEE SHANKLIN,

      Plaintiff,

      v.

STATE OF KANSAS and JUDGE DAVID
KAUFMAN,

      Defendants.

</td><td>

Case No. 24-1186-EFM-BGS

</td></tr>
</table>

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Daniel Lee Shanklin filed this action *pro se*.  In conjunction with his federal court Complaint (Doc. 1), Plaintiff filed a Motion to Proceed without Prepayment of Fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP motion," Doc. 3, sealed), with a supporting financial affidavit (Doc. 3-1, sealed).  Plaintiff also filed a Motion to Appoint Counsel. (Doc. 4.)  The Court addressed these two motions by a prior Order granting the *IFP* motion but denying the request for counsel.  (*See* Doc. 8.)

The Court must also, however, review Plaintiff's Complaint to determine if he states a valid and viable claim for relief in federal court.  Having done so, as discussed below, the Court **RECOMMENDS** to the District Court that Plaintiff's claims against Defendants be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. The Court also has potential statute of limitations concerns that may bar Plaintiff's claims.

### I.    Standard of Review for IFP Complaints

When a Plaintiff Proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2).  The Court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In addition, the Court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), aff'd, 420 F. App'x 854 (10th Cir. 2011). Thus, the Court may raise the issue *sua sponte*. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Stated another way, the Court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016).

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the Court looks to the face of the Complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because Plaintiff has filed this matter *pro se*, the Court construes his filings liberally and

holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Jackson v. Integra Inc.,* 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's Complaint will be analyzed under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay*, 500 F.3d at 1217. In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). Because the Court will liberally construe the pleadings of a *pro se* plaintiff, the Court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The Court cannot, however, become an advocate for the *pro se* plaintiff. *Id.*

A *pro se* Plaintiff's Complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974); *see also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

While a Complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer or response. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a Complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested. Fed. R. Civ. P. 8(a).

The Court's relaxed scrutiny of a *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A *pro se* plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id.*; *see also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's Complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

## II.    Plaintiff's Claims and Factual Allegations

As an initial matter, Plaintiff's Complaint facially does not comply with the requirements of Fed.R.Civ.P. 8(a) that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief and a short and plain statement of the grounds upon which the Court's jurisdiction depends. It is difficult to decipher Plaintiff's claims from his filings. Plaintiff used the Court's form Civil Complaint but left the document almost entirely blank other than including his own name and address in the signature block and listing himself, Defendant State of Kansas, and Defendant state court Judge David Kaufman in the caption. (*See generally* Doc. 1.) Plaintiff did not fill out the "Parties to this civil action" section. (*Id.*, at 1-2.) He left the jurisdiction section blank. (*Id.*, at 2-3.) He did not provide any information as to the relief he seeks. (*Id.*, at 3-4.) He did not

check a single box in the form to answer the various questions about jurisdiction, whether the wrongs alleged are continuing, and whether he seeks actual and/or punitive damages.  (*See generally id.*)

The only language Plaintiff has included in the form Complaint is the following under the "Statement of Claim" section:  "Corruption in the State of Kansas Judicial System[.]  See attached Complaint and Exhibits #1 and #2.  Settlement requests."  (*Id.*, at 3.)  The exhibits at issue number 168 pages and include various forms, medical records, state court records (including Plaintiff's hand-written, *pro se* state court pleadings, motions, and filings), and records from the Kansas Department of Corrections.  It appears, after a review of the exhibits to Plaintiff's Complaint, Plaintiff is complaining about issues that transpired in Sedgwick County, Kansas state court proceedings.

## III.    Legal Analysis and Recommendation to the District Court.

### A.    Jurisdictional Issues.

Plaintiff's Complaint does not specify which of his Constitutional or statutory rights have been violated by Defendants, the manner in which the rights were violated, and which Defendant(s) allegedly violated them.  Consequently, Plaintiff's pleading fails to establish subject matter jurisdiction based on the presentation of a federal question under 28 U.S.C. §1331.

To the extent that Plaintiff intends to invoke diversity jurisdiction, the Complaint indicates that Plaintiff is a citizen of Kansas suing the State of Kansas.  This District has specifically held that the State of Kansas is not a "citizen" for purposes of diversity jurisdiction.  *Kansas ex rel. Stovall v. Home Cable Inc.*, 35 F. Supp. 2d 783, 785 (D. Kan. 1998).

> 'More than one hundred years ago, the United States Supreme Court ruled that a state cannot be considered a citizen for purposes of establishing diversity of citizenship jurisdiction in federal court.' *Brown* [*v. Francis*], 75 F.3d [860, 865 (3rd Cir. 1996] (citing *Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)).  *See Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) ('There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction.'); *Gable v.*

> *Commonwealth of Pennsylvania*, 521 F.Supp. 43, 43–44 (E.D.Pa.1981) ('The rule that a state is not a 'citizen' for diversity purposes is a long-standing one; it enjoys a history of acceptance, which remains undiluted by the passage of time.') (citations omitted).  Consequently, if the State of Kansas is the real party interest bringing this action then diversity jurisdiction cannot exist.

*Id.*

Although Plaintiff does not specify the citizenship of Defendant Judge Kaufman in the Complaint, as a Kansas state court judge, the Court surmises Judge Kaufman is also a citizen of Kansas.  This would also destroy diversity jurisdiction as "[d]iversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  "Simply stated, diversity is absent when citizens of the same state are on both sides of the case," such as Plaintiff and Defendant Judge Kaufman.  *Jacobsen v. Vista Outdoor, Inc.*, No. 23-4047-JWB-KGG, 2024 WL 4363947, *1 (D. Kan. July 6, 2023).  As such, there is no basis for federal court diversity jurisdiction, either.  Accordingly, the undersigned **recommends** to the District Court that Plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction.

## B.    Federal Courts Cannot Review State Court Proceedings.

In an effort to liberally construe the pleadings of this *pro se* Plaintiff, however, the Court will attempt to determine the nature of Plaintiff's claims.  From what this Court can conclude from the dearth of language in the Complaint combined with the mountain of exhibits (for which Plaintiff has provided no explanation or context), Plaintiff brings this action asking the Court to review Kansas state court criminal proceedings.  Simply stated, this Court does not have subject jurisdiction over such claims.

Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court.  *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine,

deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court." *Amack v. Young Williams PC*, No. 21-4054, 2021 WL 6802807, at *2 (D. Kan. Sept. 20, 2021), *report and recommendation adopted*, No. 21-4054, 2022 WL 326357 (D. Kan. Feb. 3, 2022). The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** for lack of subject matter jurisdiction and for failing to state a cause of action pursuant to federal law.

### C.     Defendants' Immunity from Suit.

Also, Plaintiff's Complaint names the State of Kansas as a Defendant.  It is well-established that States are entitled to immunity from suit under the Eleventh Amendment unless the State has waived its immunity.  *See Emps. of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973) (explaining that the Eleventh Amendment bars citizen-lawsuits filed by residents and non-residents in federal court against "unconsenting State[s]"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding neither a State nor its officials acting in their official capacities are "persons" under § 1983).  While "a suit for prospective relief against state officials named in their official capacities, based upon an ongoing violation of federal law, is not considered an action against the state within the meaning of the Eleventh Amendment," Plaintiff has not plausibly alleged a claim against a state official, as discussed above.  *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1234 (10th Cir. 2010) (emphasis supplied).  Therefore, Plaintiff's claims are subject to dismissal as the State of Kansas is entitled to immunity from suit.  The Court thus **recommends** to the District Court that Plaintiff's claims against the State of Kansas be **DISMISSED** on this basis as well.

Additionally, judges are generally immune from suit, making it unlikely that Plaintiff's claims

against Defendant Judge David Kaufman could proceed. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Though there are recognized exceptions to judicial immunity, *see id.* at 11–12, Plaintiff has not alleged facts that constitute an exception.

### D.    Statute of Limitations Issues.

Finally, Plaintiff's claims are likely barred by the statute of limitations. A review of Plaintiff's voluminous exhibits reveals certain allegations occurred, or were first complained of, in 2009, 2010, and 2011. (*See* Doc. 1, at 29-31, 33, 35, 40.) To the extent Plaintiff's lawsuit can be construed including claims under 42 U.S.C. § 1983, the civil rights law that allows individuals to sue state or local officials for the violation of their constitutional rights, the statute of limitations applicable to § 1983 claims is governed by state law. *See Board of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed. 440 (1980). The events which led to this lawsuit appear to have taken place in Kansas, where the applicable statute of limitations period for § 1983 claims is two years. *See Snodgrass v. City of Wichita*, No. 123,486, 2022 WL 982008, at *6 (Kan. Ct. App. Apr. 1, 2022) (citing K.S.A. 60-513(a)(4) limiting tort actions to two-years).

However, when that statute of limitations begins to run or accrues is determined by federal law, which states that "claimant's cause of action accrues when the claimant knew or had reason to know of the existence and cause of injury which is the basis for his action." *Kripp v. Luton*, 466 F.3d 1171, 1175-76 (10th Cir. 2006). In other words, a § 1983 action accrues "when 'facts that would support the cause of action are or should be apparent.'" *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quotation omitted). To maintain this action, Plaintiff must have become aware of, or should have become aware of, the factual basis for his claims after October 16, 2022. Plaintiff has not alleged that the actions which gave rise to his claim did not become apparent to him until after that date and has not plead any factual matter relating to the tolling of the statute of limitations. This implicates serious statute of limitations issues.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated October 29, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge