IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL LEE SHANKLIN,             )
                                 )
            *Plaintiff*,          )
                                 )
v                                )   Case No.:  24-1186-EFM
                                 )
STATE OF KANSAS and JUDGE        )
DAVID KAUFMAN,                   )
                                 )
            *Defendants*.         )
_____)

### **ORDER**

Plaintiff Daniel Shanklin has filed a suit against the State of Kansas and Judge David Kaufman.  In conjunction with his application to proceed in forma pauperis the United States Magistrate Judge assigned to this case reviewed the Complaint to determine whether Plaintiff stated a valid and viable claim for relief.  Determining that he does not, the Magistrate Judge has issued a Report and Recommendation (R&R) that the case be dismissed.

The R&R notes that Plaintiff's Complaint does not comply with Fed.R.Civ.P 8(a) that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief and the grounds upon which the Court has jurisdiction.  Instead, Plaintiff filed the Court's form Civil Complaint which was almost completely blank, with a 35 page statement attached to the form Complaint, and a 168 page exhibit (filed three times).

The R&R also notes that the Plaintiff does not state a ground for jurisdiction, either by stating a federal question or by demonstrating diversity jurisdiction. Indeed, the R&R notes that all parties appear to be Kansas parties, so that diversity jurisdiction would not exist.

The R&R also notes that the Complaint appears to be challenging the action of a state court in a criminal proceeding. Federal Courts do not have jurisdiction to review such matters.

The R&R also notes that Defendant Sate of Kansas is immune from suit under the Eleventh Amendment absent waiver of immunity, which is not established in this pleading.

Finally, the R&R also notes that the matters complained of appear to have occurred ten to fifteen years ago, therefore placing this Complaint outside the two-year statute of limitations.

Therefore, the Magistrate Judge recommended dismissal of this case for all the foregoing reasons.

The R&R was mailed to Plaintiff by certified mail on October 29, 2024. Plaintiff was given 14 days after service in which to file with the district court any written objections to the findings and recommendations of the R&R. Although the certified mail receipt is filed in the docket of this case, it is unclear on what date it was received and signed for by the Plaintiff. The receipt was filed on the docket on Monday, November 4. Plaintiff filed a response on November 15, 2024. The response would have been timely if Plaintiff did not receive the R&R before Friday, November 1. While the date of receipt is uncertain and given that it was mailed on October 29 to an in-town address, and receipt is likely to have been prior to that date, the Court will for the purposes of this Order assume timely response by Plaintiff.

Consistent with Plaintiff's other filings, the response is a 27-page single spaced document, whose representations are unclear. While Plaintiff devotes portions of the response to jurisdiction

and statute of limitations, those portions are not actually responsive to the deficiencies noted in the R&R.

The Court finds that the Complaint does not state a valid and viable claim for relief for all the reasons noted in the R&R, and that Plaintiff's response to the R&R fails to adequately rebut those reasons. Therefore, the Court adopts the R&R and orders it be entered as the Court's own.

IT IS THEREFORE ORDERED that the Report and Recommendation, Doc 9, is Adopted in Full and the Complaint be dismissed for the reasons stated in the R&R.

IT IS SO ORDERED.

Dated this 21st day of November, 2024.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE